IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR-89-184-T |
| ) | |
| WALLIE A SCOTT, ) | |
| ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the court is defendant's motion [Doc. No. 113] to reconsider the court's February 7, 2005 order [Doc. No. 112] in which the court denied defendant's motion to "correct" the 1989 judgment and sentence entered herein to change defendant's name. Attached to the motion to reconsider is defendant's affidavit stating that Wallie A. Scott is not his true name, that his name is Elijah A. Peyton, and that the birth date and Social Security number shown on the judgment and related documents are incorrect. Defendant also attaches a copy of a birth certificate for Elijah A. Peyton and an affidavit from Wali Peyton, who states that the birth date and Social Security number shown as defendant's on the judgment and related documents are the birth date and Social Security number of Wali Peyton. Also submitted are copies of a Texas driver's license and a Social Security card which Wali Peyton states belong to him. Wali Peyton states that he is defendant's half-brother and that his birth date, not the defendant's, is shown on the judgment and commitment.

Defendant's motion and related pleadings are not supported by any legal authority, and he offers

no explanation for the 16-year delay in raising this issue. Obviously, he cannot claim that he has recently discovered this issue, as he was indicted, tried, and convicted by a jury under the name of Wallie A. Scott. The file reflects that, despite numerous court appearances, including trial, he did not challenge the accuracy of his name or other identifying information. The presentence investigation report and the objections to same do not raise any issue with regard to the accuracy of defendant's name, birth date or Social Security number.

The court file in this case contains no indication that defendant ever questioned the accuracy of his name, date of birth or Social Security number throughout the 16 years since he was indicted, although he has filed several post-trial motions. In each motion, he used the name Wallie A. Scott. There is nothing in the file suggesting that defendant at any time, including his sentencing or post trial pleadings, informed the court or others that his name or identifying information was incorrect.

In a letter to the court clerk approximately one month after the motion to reconsider was filed, defendant states that he expects to be released in August of 2005 and that, as a condition of his release, he will be required to seek employment. He further states that the correction in his Social Security number is necessary to allow him to secure employment.

Defendant's statement does not justify his failure to raise this issue during the pendency of his criminal trial or sentencing, and he offers no legal authority that would support the requested alterations at this time. Defendant's motion to reconsider [Doc. No. 113] is DENIED.

IT IS SO ORDERED this  8th  day of July, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE